## STILES v. HAIGHT.

(Supreme Court, Appellate Division, Third Department. January 8, 1908.)

1. PARTNERSHIP—ACCOUNTING—INTEREST ON BALANCE—PERSONAL DEBT OF PARTNER.

Plaintiff and defendant, partners as to one transaction, closed it and adjusted their accounts, and agreed that defendant owed plaintiff a certain sum. They afterward undertook another distinct transaction as partners under a new contract, by which it was agreed that all moneys advanced by either party should draw interest until returned. *Held* that, in adjusting the accounts concerning the second transaction, plaintiff should not receive interest from the firm, but from the defendant, on the amount

due him upon the settlement of the former enterprise, since that debt was not a partnership liability, but a personal debt of defendant.

2. SAME—INTEREST ON FIRM MONEY USED BY PARTNER.

Plaintiff and defendant as partners contracted that all moneys advanced by them for the use of the firm should draw interest until returned, and that the amounts in excess of the advances and interest should be credited to the firm. Before the settlement of the firm accounts, plaintiff drew out for his own use a sum more than sufficient to pay all advancements made by him, including interest. *Held*, that he was liable to the firm for interest on the excess.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Partnership, § 122.]

Appeal from Judgment on Report of Referee.

Action by Jesse Stiles against Romanzo H. Haight for a partnership accounting. Judgment for defendant, and plaintiff appeals. Modified.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Jesse Stiles, in pro. per.
Will W. Smith, for respondent.

COCHRANE, J. This is an action for a partnership accounting. The parties as copartners conducted a lumber business concerning the lumber on a farm known as the "Gibbs farm." This business was concluded on December 11, 1899, when the parties stated and adjusted all their accounts and transactions between themselves, and agreed that the defendant was indebted to the plaintiff in the sum of $939.34. The complaint so alleges, and the referee has so found, except that he has reduced such amount to $871.77, because of an admitted mutual mistake between the parties in making such adjustment. Such amount was not paid by defendant. On the same day the parties entered into a written contract as copartners concerning the lumber on another farm, known as the "Cookingham farm." This second transaction has also been concluded, and the principal controversy relates to the adjustment of the accounts concerning such transaction. By such written contract it was agreed that all moneys advanced by either party should draw interest until returned.

The referee has found that the plaintiff advanced in the Cookingham enterprise $1,302.35, and that the interest on such advancement, "together with interest on the amount due him upon the settlement of the Gibbs farm enterprise," was $138.39, and that plaintiff received from such Cookingham enterprise $3,096.07; that the defendant advanced $3,623.17; that the interest on such advancement at the time of the commencement of this action was $191.01; that the defendant under the contract was entitled to $392 for services; and that he received out of the enterprise $3,174.65. By making an adjustment of balances the referee accordingly found that plaintiff was indebted to defendant at the time of the commencement of the action, December 19, 1903, on account of both the Gibbs and Cookingham transactions, in the sum of $471.66, which, with the interest to December 3, 1906, the time when judgment was entered, amounted to $554.67. In arriving at such result the referee has treated the balance of $871.77 due plaintiff on the Gibbs transaction as if it were a debt due him from

the firm, and not from defendant individually. Plaintiff has been allowed interest thereon from the firm until it was extinguished by what he received from the Cookingham transaction, the same as if it were an advancement by him of capital in that transaction, and defendant personally has not been charged with interest thereon, but only with the principal in offsetting such principal against what was due him on the Cookingham transaction December, 1903, when this action was commenced. The Gibbs and Cookingham enterprises were entirely distinct from each other. They depended on different contracts. The Cookingham contract was not made until after the completion of the Gibbs transaction and the mutual settlement and adjustment of the parties in reference thereto. Defendant personally owed plaintiff $871.77 as liquidated and agreed upon between themselves before they made the Cookingham contract. Defendant therefore should be personally charged with interest on this latter amount. Such interest to the time of the commencement of the action, December 19, 1903, was $210.34. Plaintiff, however, should therefore not receive credit from the firm as found by the referee for "interest on the amount due him upon the settlement of the Gibbs farm enterprise." Such interest with which he has been improperly credited, and which has been improperly charged to the firm, is $53.65. It also appears that in December, 1900, plaintiff had received from the firm on account of the Cookingham transaction $1,152.70, more than sufficient to pay for all advancements made by him, including interest. Defendant, on the other hand, advanced to the firm moneys in excess of what he received. The contract provides that the money so received by plaintiff was to be credited to the account of the enterprise, and, as plaintiff has personally had the benefit thereof, he should pay to the firm the interest thereon. Such interest for the intervening three years to the time of the commencement of the action is $207.48. Plaintiff received subsequent moneys from the firm, but the times and circumstances concerning the same are too indefinite to form a basis for a computation of interest. Crediting the firm, therefore, as against the plaintiff, with the above items of $53.65 and $207.48, and charging defendant personally with the above item of $210.34, there was due defendant from plaintiff on December 19, 1903, $391.88, instead of $471.66, and on December 3, 1906, when judgment was entered, $461.05, instead of $554.67. In all other respects the judgment is right.

The judgment should therefore be modified by deducting therefrom $93.62 as of December 3, 1906, the date of its entry, and, as so modified, affirmed, without costs. All concur.